IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02286-OES

DANIEL N. ROBLES,

      Plaintiff,

v.

BILL OWENS, Acting Governor of Colorado,
JOHN HICKENLOOPER, Acting Mayor of Denver,
FREA [sic] F. OLIVA, Acting Sheriff of Denver,
ALVIN LACABE, Acting Manager of Safety,
BETH LSNRRGOS [sic], Acting Medical Coordinator, and
MICHAEL PAUL, Acting Facilities Superintendent,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
COLORADO

JAN 1 0 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

      Plaintiff Daniel N. Robles is a prisoner who currently is incarcerated at the Denver County Jail.  He filed *pro se* a complaint for money damages and unspecified injunctive relief pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993).  Mr. Robles has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2005) without payment of an initial partial filing fee.

      The Court must construe the complaint liberally because Mr. Robles is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Robles will be ordered to file an amended complaint and to show cause why the

complaint should not be dismissed for failure to exhaust the available grievance procedure.

The Court has reviewed the complaint and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Robles' complaint is vague. He simply alleges that the medical department at the Denver County Jail has been deliberately indifferent to his medical requests and that maintenance has been negligent in repairing the ventilation system. The complaint does not include a short and plain statement of his claims showing that he is entitled to

2

relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Robles must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Robles also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Governor Bill Owens, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Robles should be given an opportunity to file an amended complaint. He will be directed to do so below.

In addition, although Mr. Robles has corresponded with various individuals and agencies about his concerns, he does not appear to have exhausted the Denver

3

County Jail's grievance procedure.  Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005),

"[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."  An inmate must exhaust

administrative remedies before seeking judicial relief regardless of the relief sought and

offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739

(2001), and regardless of whether the suit involves general circumstances or particular

episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Robles is a prisoner confined in a correctional facility.  The claims he asserts

relate to prison conditions.  Therefore, he must exhaust the available administrative

remedies.  Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the

prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).

To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Robles

must "either attach copies of administrative proceedings or describe their disposition

with specificity." *Id.* at 1211.  Finally, § 1997e(a) imposes a total exhaustion

requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189

(10th Cir. 2004).  If Mr. Robles has failed to exhaust administrative remedies for any

one of his claims, the entire complaint must be dismissed.  Therefore, Mr. Robles will

be ordered to show cause why the amended complaint should not be dismissed for

failure to exhaust the Denver County Jail's administrative grievance procedure.

Finally, Mr. Robles is advised that he must provide sufficient copies of the

amended complaint to serve each named defendant.  The Court will not make the

4

copies necessary for service.  Therefore, Mr. Robles should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Mr. Robles file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Denver County Jail's administrative remedy procedure.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Robles, together with a copy of this order, two copies of the following form for use in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Robles submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Robles fails to comply with this order to the

5

Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this __10__ day of ___January___, ~~2005.~~ 2006

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02286-OES

Daniel N. Robles
Prisoner No. 47882
Denver County Jail
PO Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 1/10/06

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk